THE ATLANTIC AND GULF RAILROAD COMPANY, plaintiff in error, *vs.* CARRIE R. BURT, defendant in error.

The evidence in this cause as to the distance the horse ran on and by the track before he was killed, was not only conflicting, but was such, when connected with the other facts proven, as to make it a proper case for the jury to decide the question of negligence on the part of the railroad, and there being no misdirection by the Court to the jury, we cannot disturb the verdict.

Railroads. New trial. Before Judge SCHLEY. Bryan Superior Court. April Term, 1873.

The Atlantic and Gulf Railroad Company *vs.* Burt.

Carrie R. Burt brought case against the Atlantic and Gulf Railroad Company for $200 00 damages, alleged to have been sustained on account of the killing of a horse belonging to her by said defendant, through the careless and negligent running of its engines and cars. The defendant pleaded the general issue. The following evidence was introduced:

#### FOR THE PLAINTIFF.

R. Burt testified as follows: He was at station number one and a half, on the Atlantic and Gulf Railroad, in Bryan county, on the night of the accident; saw passenger train approaching; train was behind time; when train came up to the station, he found that a horse belonging to plaintiff had been killed; accident happened about five hundred yards from the station; the night was a bright moonlight one, and the accident happened about nine o'clock; the horse was worth $200 00.

Stephanus Ford testified as follows: Was at the station, intending to go to Savannah on cars; knew the horse of plaintiff; it was worth $200 00; train was behind time; was running fast.

Thomas C. Arnold testified as follows: Was called on to value the horse, and valued it at $200 00; the horse was worth that sum, at least.

Thomas W. Davis testified as follows: The morning after the accident, was at station number one and a half, Atlantic and Gulf Railroad, and went to the place where the accident occurred; saw tracks of a horse which had run along the side of the track for about one hundred yards; was called on to value the horse, and valued it at $200 00; saw the horse of plaintiff lying dead by the roadside, evidently killed by the cars; the tracks showed that the horse was running very fast at the time he was struck by the cars.

#### FOR THE DEFENDANT.

Thomas Rahn testified as follows: Was engineer of the train on the night of the accident; was approaching station number one and a half, and when about a quarter of a mile off, blew brakes to stop at station; train was running on sched-

ule time, fifteen miles an hour; immediately after whistle blew, the horse jumped upon the track, about thirty or forty yards ahead of the engine; made every effort to stop the train by reversing the engine and blowing off steam, at the same time blowing the whistle to scare the horse from the track; the horse was running when I first observed him.

William Boone testified as follows: Was fireman on the train on the night of the accident; when approaching the station, a horse jumped upon the track, about thirty yards in front; every effort was made to stop the train by reversing the engine and putting on brakes; the horse was killed.

The jury returned a verdict for the plaintiff for $200 00 and costs of suit. The defendant moved for a new trial, because the verdict was contrary to the law and the evidence. The motion was overruled, and the defendant excepted.

LAW, LOVELL & FALLIGANT, for plaintiff in error.

RUFUS E. LESTER, for defendant.

TRIPPE, Judge.

We were urged in the argument of this case to decide whether it was negligence on the part of a railroad company not to have its road fenced so as to keep stock off the road, and from the dangers of the running of the train. We do not see that there is any necessity to consider that question under the facts of this case.

The evidence touching the question of negligence in this particular case was somewhat conflicting, and it was a proper matter to be left to the jury. The two railroad employees testified that the horse jumped on the track about forty yards ahead of the car, and that the train ran about eighty yards before the horse was struck, or, in other words, the horse was forty yards ahead when he got on the track, and ran another forty before he was killed. They state they did what they could to prevent the accident, such as shutting off steam, blowing on brakes, etc. It was proven by the plaintiff that the horse ran about one hundred yards on and by the side of

the road, and that from his tracks he was running very fast. It also appeared that the train was a passenger train, was approaching a station, and had already shut off steam and signaled the brakes to be put on before the horse got on the road. This brief statement shows what the jury was to pass upon. And the point was by no means so weak as, when decided in favor of plaintiff, to call for the setting aside the verdict. That point was, that there must have been fault on the part of some of the agents of the road, from the fact that after steam had been shut off, and the brakes applied, a passenger train would still overtake a horse, which was forty yards ahead and running very fast. It did not appear to be down grade, and in such a case we do not feel compelled to say the Court and jury should be overruled on account of the verdict.

Judgment affirmed.